BLD-083                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3175
_____

UNITED STATES OF AMERICA

v.

ROMAN MURRAY,
                                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:17-cr-00342-006)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 7, 2024

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 18, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Roman Murray, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his motion for a sentence reduction and compassionate release.  The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's order.

In 2020, Murray pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base and heroin. Murray qualified as a career offender under the Sentencing Guidelines. His Guidelines range was 262 to 327 months in prison. The District Court granted a variance and imposed a sentence of 180 months' imprisonment.

Murray filed a motion for compassionate release in 2021 based on health risks caused by the COVID-19 pandemic. The District Court ruled that Murray had not shown extraordinary and compelling reasons for his release and that the sentencing factors in 18 U.S.C. § 3553(a) did not support that relief.[1] The District Court denied Murray's motion for reconsideration, and we summarily affirmed both orders. See C.A. No. 22-2351.

In 2023, Murray filed another motion for compassionate release. He asserted that amendments to U.S.S.G. § 1B1.13 – the policy statement applicable to sentence reductions and compassionate release under 18 U.S.C. § 3582(c)(1)(A) – expanded the definition of "extraordinary and compelling reasons" for release. Murray stated that his release was warranted based on, among other things, his good conduct and rehabilitative efforts in

---

[1] The District Court also rejected Murray's contention that relief was due because he no longer qualified as a career offender under United States v. Nasir, 982 F.3d 144 (3d Cir. 2020) (en banc), vacated, 142 S. Ct. 56 (2021), remanded to, 17 F.4th 459 (3d Cir. 2021) (en banc). It stated that Murray would not have received a comparable variance if he had a lower Guidelines range.

prison, a need to care for his ill grandmother, and the disparity between his sentence and the sentences of his co-defendants.[2]

The District Court again ruled that Murray had not shown extraordinary and compelling circumstances. It recognized his rehabilitation efforts and good conduct but stated that they did not warrant a sentence reduction. The District Court also decided that the § 3553(a) factors supported maintaining his original sentence. As in its order denying Murray's prior motion, the District Court noted (1) the seriousness of his conduct involving the distribution of heroin and crack cocaine; (2) his lengthy criminal history, which included felonies and connections to two street gangs; (3) that his offense carried a mandatory minimum term of 10 years and his advisory Guidelines range was 262 to 327 months in prison; and (4) that he received a substantial variance and was sentenced to 180 months in prison. It also stated that Murray had served less than half of his sentence. The District Court concluded that his continued incarceration was needed for deterrence and to protect the public. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of compassionate release for abuse of discretion. United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the court's determination unless we are left with 'a definite and firm conviction that [it] committed a clear error of

---

[2] Murray brought his motion pursuant to 18 U.S.C. § 3582(c)(1)(B), which is "simply a gateway provision that refers to whichever statute 'expressly permit[s]' the sentencing modification." Concepcion v. United States, 597 U.S. 481, 497 n.5 (2022) (quoting § 3582(c)(1)(B)). Murray sought to be released based on "extraordinary and compelling reasons," which are grounds for a reduction under § 3582(c)(1)(A).

judgment in the conclusion it reached.'" Id. (citations omitted). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may grant a motion for compassionate release if it finds that (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the applicable factors in § 3553(a) do not counsel against a reduction; and (3) a reduction would be consistent with applicable policy statements. See 18 U.S.C. § 3582(c)(1)(A); United States v. Pawlowski, 967 F.3d 327, 329 & n.6 (3d Cir. 2020).

The District Court did not abuse its discretion in ruling that the § 3553(a) factors supported Murray's continued incarceration. See Pawlowski, 967 F.3d at 331 (affirming denial of relief on this basis). The District Court considered the seriousness of Murray's offense, his criminal history, the fact that he had served less than half of his sentence, and the need for deterrence and to protect the public. See id. at 330-31 (noting § 3553(a) factors and holding a district court may consider the time left on a sentence). And the District Court previously denied, because of Murray's career offender status and the drug quantity in his case, his post-judgment motion asserting that a shorter sentence was warranted based on the sentences received by his co-defendants. The District Court did not commit a clear error of judgment in denying Murray's motion.[3]

---

[3] Murray did not re-assert that he would no longer be a career offender under Nasir. But even if he had, he maintained in his prior motion that his Guidelines range would be 130 to 162 months in prison, well above the time served when he filed his present motion.

Because this appeal does not present a substantial question, we grant the Government's motion, and we will summarily affirm the District Court's order.